IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**NAUTILUS INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                         **Civil Action No. 3:05-CV-66**
                                                 **(BROADWATER)**

**DANIEL PUTMAN, ROGER PUTMAN,**
**JOYCE PUTMAN, and JERRY FRITTS,**

    **Defendants.**

## REPORT AND RECOMMENDATION
## ON CROSS MOTIONS FOR SUMMARY JUDGMENT

### I. INTRODUCTION

On December 12, 2006, the parties in the above styled matter presented oral argument to the Court at a hearing on cross motions for summary judgment, Magistrate Judge David J. Joel Presiding. On October 24, 2006, the Plaintiff filed its Motion for Summary Judgment (Document No. 32). On December 5, 2006, Defendant Jerry Fritts filed a Cross Motion for Summary Judgement (Document No. 37). This matter, which is pending before me for initial review and report and recommendation pursuant to the request of District Judge W. Craig Broadwater, and with the consent of the parties, is ripe for review.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Thus, the

Court must conduct "the threshold inquiry of determining whether there is the need for a trial-- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. Anderson, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

In this case the parties indicate an agreement on the material facts through their cross-motions for summary judgment. The Plaintiff seeks declaratory judgment on the issue of insurance coverage under a policy issued to Defendants Daniel Putman, Roger Putman and Joyce Putman, who are being sued in state court by Defendant Jerry Fritz. Upon review of the record and hearing of oral argument on the parties' motions, the undersigned recommends that this matter be decided on summary judgment.

## II. FACTS

The above styled Declaratory Judgment Action was brought by Plaintiff Nautilus Insurance Company seeking a declaration that the Plaintiff has no duty to defend and indemnify Daniel Putman, Roger Putman and Joyce Putman, in connection with a civil action in the Circuit Court of Morgan County West Virginia. The Underlying Civil Action (Morgan County Civil

Action No. 03-C-35) was brought against the Putmans by Defendant Jerry Fritts, administrator and legal representative for the Estate of Derrick Mitchell Fritts, deceased. The Morgan County wrongful death complaint alleges that Derrick Fritts was killed in a collision on June 22, 2001, while riding as a passenger on an all terrain vehicle (ATV) operated by Daniel Putman. The 2001 Honda ATV, purchased by, Roger Putman, in August 2000, reportedly approached Route 9 from a side road and collided with a truck, killing Derrick Fritts and severely injuring Daniel Putman. The complaint further alleges negligence on the part of Daniel Putman, Roger Putman and Joyce Putman.

Roger Putman holds a commercial general liability (CGL) insurance policy with Nautilus Insurance Company for a logging and lumbering business he owns (Policy No. NC149664). The GCL policy, cited in Defendant's brief on Summary Judgment (Document No. 35-1) provides in pertinent part as follows:

**SECTION II- WHO IS AN INSURED**

> 3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability.
> (Form CG 00 01 07 98, page 8 of 13).

**SECTION V - DEFINITIONS**

"Mobile equipment" means any of the following types of land vehicles,

including any attached machinery or equipment:

    a. Bulldozers, farm machinery, forklifts, and other vehicles

    designed for use principally off public roads;

(Form CG 00 01 07 98, page 12 of 13).

The 2001 Honda ATV involved in the collision was purchased by Roger Putman in August of 2000. Document No. 35-1 at page 3. Under West Virginia law, the purchaser of a new ATV is required to title the vehicle by submitting a Division of Motor Vehicles' Form DMV-1-TR (Application for West Virginia Title) along with the Manufacturer's Statement of Origin and a copy of the bill of sale. Id. at 4. Despite the State of West Virginia requirements, Roger Putman did not file a title application for the ATV with the State of West Virginia. Id. at 10. The parties have not identified any annual registration requirements for ATVs at the State or local level, beyond the initial titling requirement of West Virginia Code §17A-3-2(a)(6).

Roger Putman testified in deposition that he used the ATV in connection with his logging business. Putman used the ATV to access logging sites, inspect trees, and move supplies and equipment to work sites. Document No. 35-1 at 4. Putman testified later that his sons worked for his logging business and would use the ATV in that capacity. Id. at 3. At the time of the collision, Daniel Putman was operating the ATV on a public highway, with permission. Id. at 9.

**III. ANALYSIS**

The applicable West Virginia law requires the courts to interpret an insurance contract by the rules of construction that are applicable to contracts generally. Payne v. Weston, 195 W. Va. 502, 507 (W. Va. 1995). Specifically, under a four factor analysis used to interpret

insurance policies, the courts consider the following: (1) the language of the disputed policy provisions; (2) the language of other provisions in the policy; (3) relevant extrinsic evidence; and (4) case law interpreting similar provisions. 43 Am Jur 2d Insurance § 291(quoting Simmons v. Insurance Co. of N. Am., 17 P.3d 56, 59 (Alaska 2001)).

Under West Virginia law, any ambiguity in the contract is construed against the insurer. Tackett v. American Motorists Ins. Co., 584 S.E.2d 158, (W.Va. 2003). Despite the bias favoring the insured in the face of ambiguity, insurance policies are not subject to expansion through judicial construction where there is no ambiguity. Payne v. Weston, 195 W. Va. at 507; Keffer v. Prudential Ins. Co., 153 W. Va. 813, 816 (W. Va. 1970).

In this case the parties argue several points of law with respect to the question of whether the ATV involved in the June 22, 2001, collision is the type of registered "mobile equipment" covered under Roger Putman's commercial general liability insurance policy with the Nautilus Insurance Company. The parties initially concede that no registration of the ATV occurred with any authorities in the State of West Virginia or any local government. The parties then dispute whether the West Virginia titling requirement qualifies as "registration" under the terms of the policy. Additionally, the Defendant argues that the ATV operator should be covered because the vehicle is the type of "mobile equipment" the parties intended to cover under the insurance policy, even if the policy holder failed to comply with the technical act of registering for the West Virginia title.

The language of the policy in dispute states that the policy covers mobile equipment, "registered in your name under any motor vehicle registration law." The Court finds that the clearly stated registration requirement is unambiguous. The Defendant admits that the ATV involved in the fatal collision underlying this action was not registered in his name, or otherwise

enrolled under any motor vehicle registration law.

With respect to other provisions of the policy, namely the Section V definition of "mobile equipment," the policy holder's failure to register the vehicle in his name excludes coverage of the ATV under the policy, regardless of whether it would qualify as mobile equipment otherwise.

Furthermore, there is no compelling extrinsic evidence to consider in this case. Defendant made no showing of any effort or intention to register the ATV under any law.

The undersigned is aware of no mandatory authority directing the Court to disregard an unambiguous policy provision requiring that a vehicle be registered to a policy holder for that vehicle's operators to be covered by the policy. The Defendant has produced case law indicating that courts have looked at registration requirements when interpreting the definition of "mobile equipment." *See* Adams v. Thomasom, 753 S.E.2d 416, (La.App. 2 Cir. 2000). However, the Louisiana court's reasoning Adams does not provide a sound basis for this Court to expand the disputed policy coverage by disregarding the Nautilus commercial general liability policy's clear and unambiguous language requiring vehicle registration.

## IV. RECOMMENDATION

Therefore, for the above stated reasons, the undersigned recommends that the Court **GRANT** the Plaintiff's Motion for Summary Judgment (Document No. 32) and **DENY** the Defendant's Cross Motion for Summary Judgment (Document No. 37). The undersigned further recommends that, pursuant to Fed. R. Civ. P. 56 and 57 and 28 U.S.C. §§2201 and 2202, the Court **DECLARE** that Nautilus Insurance Company has no duty to defend and no duty to indemnify Daniel Putman, Roger Putman, and Joyce Putman in connection with a civil action

brought against them by Jerry Fritts, individually and as the administrator of the Estate of Derrick Mitchell Fritts in the Circuit Court of Morgan County, West Virginia (Civil Action No. 03-C-35).

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge, for assignment to a District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to transmit true copies of this Report and Recommendation to all counsel of record herein.

It is so **ORDERED**.

**DATED** this 21st day of December 2006.

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE